**CASE NO. 26-10844-C**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

**DANIEL FRISHBERG**

(Plaintiff/Appellant)

vs.

**UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, ET AL.**

(Defendants/Appellees)

_____

**An Appeal from the United States District Court
for the Middle District of Florida, Tampa Division**

_____

**District Court Docket No. 8:24-cv-00022-TPB-NHA**

_____

**APPELLEES' RESPONSE TO APPELLANT'S
MOTION TO PROCEED IN FORMA PAUPERIS**

SACHA DYSON
Florida Bar No. 509191
JORDAN V. GETCHELL
Florida Bar No. 1070185
BUSH GRAZIANO RICE &
HEARING, P.A.
100 S. Ashley Drive, Suite 1400
Tampa, Florida 33602
(813) 228-7000 (telephone)
(813) 273-0091 (facsimile)
sdyson@bgrhlaw.com;
jgetchell@bgrhlaw.com

Case No. 26-10844-C
Frishberg v. University of South Florida
Board Trustees, et al.

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure as well as Eleventh Circuit Rule 26.1-2, the undersigned counsel of record hereby certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Adams, Natalie Hirt, United States Magistrate Judge, Middle District of Florida;

2. Barber, Thomas, United States District Judge, Middle District of Florida;

3. Black, Melissa C., County Court Judge, Thirteenth Judicial Circuit, Hillsborough County, Florida

4. Bush Graziano Rice & Hearing, P.A., counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

5. Capstone Development Partners, LLC;

6. Daniel Frishberg, Pro Se Plaintiff/Appellant;

7. Dyson, Sacha, counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

C-1

Case No. 26-10844-C
Frishberg v. University of South Florida
Board Trustees, et al.

8.    Getchell, Jordan V., counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

9.    Harrison Street Real Estate Capital LLC;

10.    HSRE-Capstone Tampa, LLC, Defendant/Appellee;

11.    University of South Florida Board of Trustees, Defendant/Appellee;

No other trial judge, attorney, person, association of persons, firm, partnership, or corporation known to the Appellants or their counsel, has any current interest in the outcome of this matter.

I hereby certify pursuant to 11th Circuit Rule 26.1-3(b) that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

C-2

**RESPONSE TO MOTION**

Appellant seeks to proceed in forma pauperis.  Appellant's Motion should be denied because, as the District Court determined, his appeal is not taken in good faith as required by 28 U.S.C. § 1915.  Appellant cannot demonstrate good faith in his appeal.

In the Notice of Appeal, Appellant challenges the District Court's Order Denying "Plaintiff's Rule 60B(1) Motion" (Dkt. No. 61; Dismissal Order), the Order dismissing the case (Dkt. No. 39), and "all prior and interlocutory orders that merge into or form the basis of that judgment and the [Dismissal Order], including but not limited to the Court's December 22, 2025 Order denying Plaintiff's Motion for Leave to File Amended Complaint Out of Time" (Dkt. No. 54).  On Appeal, Appellant argues that the District Court erred in finding that he failed to establish excusable neglect and that amendment of his complaint would be futile.  (Dismissal Order at 10) (finding that Appellant "failed to demonstrate entitlement to relief under Rule 60(b)(1) by failing to show excusable neglect" and Appellant's "proposed amended complaint remains insufficient and would therefore be futile").  The District Court certainly did not err or abuse its discretion in finding this appeal was not taken in good faith.

When a party has not received prior approval to proceed in forma pauperis, the party who desires to file an appeal in forma pauperis must file a motion in the

1

district court. Fed. R. App. P. 24(a)(1). The party must attach to the motion an affidavit that: "(1) shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; (3) states the issues that the party intends to present on appeal." Id. An appeal, however, may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). An appeal is not taken in good faith if the issues the party seeks to appeal are frivolous or if the appeal cannot succeed as a matter of law. DeSantis v. United Tech. Corp., 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998); see also Ghee v. Retailers Nat. Bank, 271 F. App'x 858, 859 (11th Cir. 2008) (holding that the district court did not abuse its discretion in denying the plaintiff's motion to proceed in forma pauperis on appeal because "each claim in the appeal was frivolous"). A district court's denial of a motion for leave to proceed in forma pauperis is reviewed for an abuse of discretion. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004).

On April 15, 2024, Appellant sought review of the District Court's Order Granting Defendant's Motion to Dismiss (Dkt. No. 27; Order on MTD) with this Court. (See Notice of Appeal (Dkt. No. 29)). On September 16, 2025, this Court affirmed the District Court's dismissal of the action, but remanded only for the District Court to provide Appellant with leave to amend his complaint. (Opinion

(Dkt. No. 36) at 13).  On October 17, 2025, this Court issued its mandate, confirming the opinion was the judgment of the court.  (See Judgment (Dkt. No. 37)).  Also on October 17, 2025, the District Court entered an Order directing Appellant "to file an amended complaint on or before October 31, 2025."  (Endorsed Order (Dkt. No. 38)).  After the deadline passed without Appellant filing an amended complaint or a motion to extend time to do so, the District Court dismissed this action without prejudice.  (See Endorsed Order (Dkt. No. 39)).

Appellant filed a motion to vacate the District Court's order on November 28, 2025.  (Plaintiff's Rule 60b(1) Motion (Dkt. No. 46; Motion to Vacate)).  Appellant asserted that the District Court's Order (Dkt. No. 39) was entered as a result of "excusable neglect."  (Motion to Vacate at 3 ¶ 6).  On March 5, 2026, the District Court denied Appellant's Motion to Vacate.  (See Dismissal Order).  The District Court found that Appellant failed to demonstrate entitlement to relief under Rule 60(b)(1) by failing to show excusable neglect.  (See id. at 10).  The District Court also concluded that Appellant's proposed amended complaint would have been futile because under the facts alleged by Appellant, which the District Court accepted as true, there was no viable Rehabilitation Act claim.  (See id. at 6).

On March 16, 2026, Appellant sought leave with the District Court to appeal in forma pauperis.  (Dkt. No. 63).  The District Court denied Appellant's motion on March 17, 2026, after finding that the appeal was not taken in good faith because

3

Appellant failed to present issues with arguable merit either in law or fact. (Dkt. No. 65 at 2).

Here, Appellant argues that the District Court abused its discretion in denying relief under Rule 60(b)(1). (See Motion at 10). Specifically, Appellant contends that the District Court erred in finding that he failed to establish excusable neglect. (Id. at 16) ("The minimal delay, lack of actual notice due to PACER suspension and mail failure, Appellant's disability, financial constraints, and good-faith efforts all support a finding of excusable neglect."). Appellant further contends that the District Court erred in finding that the proposed amended complaint would have been futile because it was wrong about the timeline of events that gave rise to Appellant's claims, the proposed pleading properly identifies a specific accommodation requested, Appellant adequately states his disability, and the shotgun pleading nature of the proposed pleading was curable. (Id. at 4-10).

## I.    The District Court Did Not Err in Finding That Appellant Failed to Show Excusable Neglect

As an initial matter, it is undisputed that, on September 16, 2025, the Eleventh Circuit affirmed the District Court's dismissal of this action, but remanded only for the District Court to provide Appellant with leave to amend his complaint. (Opinion (Dkt. No. 36) at 13). Likewise, it is undisputed that the District Court entered an order setting the deadline for the amendment as October 31, 2025. (Order (Dkt. No.

38)).  Finally, it is undisputed that Appellant neither filed the amended complaint nor a motion to extend the deadline by October 31, 2025.

Therefore, as provided in the controlling precedent of Auto Alignment & Body Serv. v. State Farm Mut. Auto. Ins. Co., the District Court's order dismissing this action (Dkt. No. 39) became a final judgment, and the District Court lacked continuing jurisdiction over this action to grant further extensions after that date. 953 F.3d 707, 720 (11th Cir. 2020) (holding that a district court is without jurisdiction to permit a late amendment unless the final judgment is first set aside).

Appellant contends that the District Court erred in finding that Appellant failed to show excusable neglect to warrant relief under Rule 60(b)(1).  This Court considers a number of factors in determining whether there is excusable neglect, including the "danger of prejudice to the [opposing party], the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Chege v. Ga. Dep't of Juvenile Justice, 787 F. App'x 595, 598 (11th Cir. 2019).

Appellant first contends that the District Court erred in finding prejudice to Appellees "based on the overall duration of the litigation since January 2024."  (Id. at 10).  He argues that the "delay was minimal" and "Appellees identified no ***actual*** prejudice resulting from this brief delay."  (Motion at 10) (emphasis in original).

5

However, the events at issue in the proposed amended complaint are now more than two years old.  Appellant's failure to comply with a clear order of the District Court setting the deadline to amend is prejudicial to Appellees as well as the administration of justice, especially in this case where many of the witnesses were college students. Thigpen v. Smith, 792 F.2d 1507, 1514 (11th Cir. 1986) ("Of course, evidence is, by its nature, fragile and susceptible to destruction over time, as memories fade and witnesses die or become otherwise unavailable."); see also Bautista v. Midfirst Bank (In re Bautista), 235 B.R. 678, 683 (Bankr. M.D. Fla. 1999) ("Under such circumstances, this Court has distinguished Pioneer to hold that the failure to take action in the face of a clear order from the Court directing action fails to constitute excusable neglect under Rule 60(b).").  Thus, as explained by the District Court, "[w]hat otherwise may be a marginal delay is significant" to Appellees.  (Dismissal Order at 5).

Appellant offers a list of excuses for why he failed to file an amended complaint on time, including that he did not receive notice that he had an opportunity to amend, he is *pro se* and has a disability, and he could not afford to pay his PACER account fees.  (Motion at 11-14).  However, as explained by the District Court below, Appellant's own arguments reflect that the delay was within the reasonable control of Appellant.  (Dismissal Order at 4).

First, Appellant contends that he did not know about the District Court's order because of issues he had with PACER access.  As the District Court found, Appellant "attempts to assert that these access issues, *which he admittedly caused himself due to an outstanding balance*, constitute excusable neglect.  They do not."  (Id.) (emphasis in original).  The issue of his access to PACER was one of his own making because he did not pay the account fees.  Appellant does not state when his PACER account became "suspended," what notice he received of the suspension and when, or even the date he paid his outstanding balance and when his access was restored. While Appellant contends that his financial circumstances "prevented him from maintaining his PACER account" and he thus had "no means of learning that the district court had entered an order on October 17," that is plainly not accurate. (Motion at 12).  The guide the District Court directed Appellant to review at the onset of this case explains how the docket can be accessed, and Appellant admits that he received the information simply by contacting the Clerk's Office.  Indeed, as the District Court noted, Appellant "acknowledges that he learned of the deadline by contacting the Middle District of [Florida's] Clerk's Office, making it clear that this was a viable option the entire time."  (Dismissal Order at 4 n.2).

Appellant offers no explanation as to why he waited until October 30, 2025, at 4:00 p.m. to do so.  Blum v. Alachua Cnty., No. 24-12404, 2025 U.S. App. LEXIS 27946, at *7 (11th Cir. Oct. 24, 2025) (recognizing that a party has "'a duty of

7

diligence to inquire about the status of his case'"); Trevino v. City of Fort Worth, 944 F.3d 567, 571-72 (5th Cir. 2019) (affirming denial of Rule 60(b) motion where movant claims court emails were diverted to spam filter); Yeschick v. Mineta, 675 F.3d 622, 629 (6th Cir. 2012) ("Now that electronic dockets are widely available, the burden imposed by this affirmative duty [to monitor the dockets] is minimal."). Indeed, the District Court found that Appellant "does not explain any attempts to monitor his case after October 17, 2025." (Dismissal Order at 5). Appellant "simply did not exercise diligence by failing to adhere by the October 31st deadline," and his failure to meet the deadline was entirely within his control. (Id.).

Next, Appellant contends that he lacked actual notice that he needed to file an amended complaint because he did not receive a copy of the Court's October 17th order by mail before the deadline. Appellant admits that the order was mailed to his address of record in California, but that he has been located in Tampa since prior to this Eleventh Circuit's ruling. (Motion at 12). In seeking relief in the District Court, Appellant failed to disclose that he is and has been located in Tampa and instead suggested that he was located at the California address on the docket. (See Mailing Envelope (Dkt. No. 42-1); Mailing Envelope (Dkt. No. 43-1); Plaintiff's Motion for Leave to File a Reply to Defendant's Response (Dkt. No. 45)). Appellant's lack of excusable neglect is further supported by his acknowledgement that he has an "obligation to maintain a current address of record," which he patently failed to do.

(Id.).  Appellant's excuse of "mail delays" is one of his own making because he failed to update his address with the District Court.  He was located in Tampa and could have met the District Court's deadline, which does not provide a basis to disrupt the finality of the Dismissal Order.

Appellant also contends that he "reasonably believed" he was able to file electronically because he had "successfully used electronic filing during appellate proceedings before the Eleventh Circuit" (Motion at 13), but the District Court "had previously denied his requests for electronic filing privileges," and he thus could not have believed in good faith that he was permitted to file electronically.  (Dismissal Order at 4).  This restriction also was clearly set forth in the guide for unrepresented parties.  His purported attempts to file electronically are not evidence of diligence, especially when he knew that he could not do so.

Furthermore, Appellant admits that he had actual knowledge of the deadline on October 30, 2025, which was prior to its expiration.  But Appellant offers no explanation or evidence that he attempted to file the amended complaint or an extension motion by one of the many other methods that the District Court provides for filing.  Instead, Appellant merely contends that he lacked funds to comply (Motion at 14), but a lack of funds is not excusable neglect.  Global Aero., Inc. v. Platinum Jet Mgmt., LLC, No. 09-60756-CIV-COHN-SELTZER, 2010 U.S. Dist. LEXIS 12700, at *13 (S.D. Fla. Jan. 28, 2010) ("'A party's lack of funds, however,

9

does not justify a party's complete disregard of the rules of the court or its failure to notify the court of its predicament.'"); see also Cincinnati Specialty Underwriters Ins. Co. v. Urbano, 687 F. App'x 778, 781 (10th Cir. 2017) (finding "no case in which a court found excusable neglect based solely on lack of funds").

Moreover, this excuse does not explain why he did not mail the amended complaint or motion for extension on October 30th. Indeed, Appellant admits that he "had already prepared the amended complaint and was ready to file" (Motion at 14), but did not because "he needed time to prepare the *Motion to File Out of Time* and E-Filing Motion." (Motion at 15 n.3). These acts show that Appellant did not act with diligence. Instead, he knowingly allowed the deadline to amend to pass without filing or even mailing any pleadings to the Court. This conduct does not establish excusable neglect.

Finally, Appellant alleges that the District Court did not adequately take into account his "documented disability" and *pro se* status in evaluating whether the delay was within Appellant's control. (Motion at 13) ("Appellant's documented disability makes certain executive and organizational tasks more difficult . . . compounding the challenges inherent in *pro se* litigation."). However, Appellant never asserted that his delay in filing an amended complaint was due to his disability. (See Plaintiff's Rule 60b(1) Motion (Dkt. No. 46)). Thus, Appellant attempts to raise an argument on appeal that was not raised below.

10

Further, Appellant's *pro se* status does not excuse his non-compliance with Federal Rules of Civil Procedure or the District Court's orders.  Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules."). Prior to the entry of the Order on MTD, the District Court repeatedly warned Appellant of his obligation, despite his *pro se* status, to follow the procedural rules, including the rules set forth in the Federal Rules of Civil Procedure, and the District Court's orders.  Specifically, at the outset of the action, the District Court warned Appellant that "even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida."  (Order (Dkt. No. 5) at 2 n.2).  It also expressly instructed Appellant to review the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the District Court's website.  (Id.).

The District Court again reminded Appellant of his obligation to comply with the rules in its order granting, in part, a motion for temporary restraining order. (Order Granting in Part and Denying in Part Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 9) ("Plaintiff should not assume that violations of court rules or other legal requirements will be overlooked.  Even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.")).  After the filing of the motion

11

to dismiss, the District Court twice reminded Appellant of his obligation to comply with the rules of procedure and Local Rules.  (Endorsed Order (Dkt. No. 23) ("As the Court previously reminded Plaintiff (Doc. [9]), *pro se* litigants are required to comply with the rules of procedure and Local Rules."); Dkt. No. 27 at 4 ("However, a *pro se* plaintiff must still conform to procedural rules, and the Court does not have 'license to act as *de facto* counsel' on behalf of a *pro se* plaintiff.")).  Even after the Court's Order on MTD, the District Court continued to remind Appellant that he is required to follow the rules despite his *pro se* status.  (See Order Denying Plaintiff's "Motion for Reconsideration" (Dkt. No. 35) at 2-3).

As demonstrated above, the District Court repeatedly has warned Appellant that he is required to comply with its orders and the Local Rules.  It provided him with resources that explain his obligations as well as repeatedly instructed him on how to file documents with the Court, including warning him that he is not permitted to file electronically (which also is expressly set forth in the Court's order).  Appellant's excuse that he is *pro se* does not constitute excusable neglect—instead, it is an attempt to conceal his lack of diligence and carelessness.  See Miller v. Ohio Sec. Ins. Co., No. 24-30740, 2025 U.S. App. LEXIS 28479, at *7 (5th Cir. Oct. 30, 2025) (finding that a *pro se* plaintiff did not meet his burden of showing excusable neglect and nothing "'[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'  Rather, a *pro se*

12

litigant 'acquiesces in and subjects himself to the established rules of practice and procedure.'").

The District Court's finding that Appellant's "lack of diligence does not constitute an extraordinary circumstance that would warrant vacating the Court's dismissal and reopening this case" was not made in error.  The District Court could not have erred, let alone abused its discretion, because Appellant's arguments are contrary to well-settled precedent.

## II.    The District Court Did Not Err in Finding that Appellant's Proposed Amended Complaint Does Not State a Claim Under the Rehabilitation Act

Appellant contends that the District Court erred in finding that the proposed amended complaint "does not state a claim for relief under the Rehabilitation Act, rendering the proposed amended complaint futile." (Dismissal Order at 6).  He first argues that the District Court's finding that Appellant's removal from student housing was based on his refusal to attend a civility workshop and pay a nominal fine was made in error and "**alone demonstrates arguable merit on appeal**." (Motion at 7) (emphasis in original) ("The futility finding is reviewed *de novo*, and under *de novo* review, a finding premised on a chronological impossibility cannot stand.").  However, Appellant's argument ignores the fact that the District Court's conclusion that Appellant's proposed amended complaint fails to state a claim under

13

the Rehabilitation Act had multiple bases.  Thus, all of these bases establish that the amended complaint is futile.

Appellant argues that the District Court erred in finding that Appellant "fails to clearly identify any specific formal or informal demand for accommodation." (Dismissal Order at 8).  Appellant asserts that the proposed pleading properly alleges the specific accommodations he requested from Appellees.  (Motion at 8) ("He requested to use common areas *with* his ESA present and accompanied by him.").  However, as the District Court noted, "[i]t does not appear that Plaintiff made any specific formal or informal demands for an accommodation that would allow his cat to roam freely throughout the common areas of the dormitory without an animal carrier or leash, either in or out of Plaintiff's presence."  (Dismissal Order at 8-9).  The proposed pleading does not identify specific facts to support Appellant's allegations that he made these requests for accommodation.  Further, "[e]ven if he had, such demands would not be reasonable in light of the housing policy."  (Id. at 9).  Appellant failed to plead facts to show that he requested a reasonable accommodation or that it was necessary to afford equal opportunity.  Rood v. Town of Fort Myers Beach, 622 F. Supp. 3d 1217, 1226, 1233 (M.D. Fla. 2022).

Appellant pleads no facts to show that an unrestrained cat was necessary or a reasonable accommodation.  (Proposed Am. Compl. ¶ 80); see also Ali v. Louisville Metro Hous. Auth., No. 3:22-CV-463-CHB, 2023 U.S. Dist. LEXIS 122361, at *25

14

(W.D. Ky. July 17, 2023) (finding a plaintiff's request to keep his dog off-leash unreasonable given that it would be a violation of local ordinances and his agreements with the local housing authority); Frechtman v. Olive Exec. Townhomes Homeowner's Ass'n, No. CV 07-2888 DSF (JTLx), 2007 U.S. Dist. LEXIS 81125, at *9-10 (C.D. Cal. Sep. 24, 2007) (finding that plaintiff may have an emotional support animal but must keep the dog on a leash when outside his unit). Appellant "also fails to articulate how he has a 'disability-related need' for his emotional support cat to be permitted in the common areas without a leash or carrier, therefore failing to show that the requested accommodation is reasonable or necessary." (Dismissal Order at 9).

Next, Appellant argues that his allegation that "Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act who requires an Emotional Support Animal ('ESA') to manage symptoms of his disability" (Proposed Am. Compl. ¶ 1), along with the letter from his treating psychiatrist that was attached to the proposed amended complaint (Proposed Am. Compl. Ex. L) is sufficient to establish that he has a disability. (Motion at 8). He further states that he "is not required to disclose his *specific* psychiatric diagnosis in the public record to survive a motion to dismiss." (Id. at 9). Appellant is incorrect. His failure to plead facts to support the conclusion that he has a disability is fatal to his claim. Karantsalis v. City of Miami Springs, 17 F.4th 1316, 1322 (11th Cir. 2021). Appellant does not

15

identify his purported disabling conditions, nor does he plead facts that relate to the nature of his alleged disability or the degree of limitation he experiences due to his alleged disability.  See Chapman v. U.S. Postal Serv., 442 F. App'x 480, 485 (11th Cir. 2011) (holding that the plaintiff did not sufficiently allege a disability where "[s]he did not specify whether she had a physical or a mental disability, what the disability was, or how it impaired a major life activity"); see also Metcalfe v. QTC Med. Grp., Inc., No. 1:22-cv-4038-SEF-CCB, 2023 U.S. Dist. LEXIS 121331, at *24-25 (N.D. Ga. July 13, 2023) ("The mere existence of some unidentified medical condition does not make that medical condition a disability under the ADA or Rehabilitation Act."); Ferguson v. Ivey, No. 6:19-cv-1264-Orl-37LRH, 2020 U.S. Dis. LEXIS 269037, at *12 (M.D. Fla. Mar. 26, 2020) (dismissing complaint for failure to allege sufficient facts relating to the nature and duration of an alleged disability); 34 C.F.R. § 104.3(j)(1).

Finally, Appellant argues that the District Court erred in finding that the proposed amended complaint was futile as a shotgun pleading because it "never directed Appellant to separate his legal theories into distinct counts or **provided *any* guidance** on how to cure the alleged deficiency."  (Motion at 10) (emphasis in original).  This argument simply invites the District Court to re-write his complaint, which the District Court need not do.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) ("[Our] duty to liberally construe a plaintiff's complaint in the face

16

of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff].").  Indeed, the District Court repeatedly warned Appellant "about the dangers of proceeding *pro se* and the importance of adhering to Court rules and deadlines."  (Dismissal Order at 6; see also Dkt. No. 27 at 4 ("However, a *pro se* plaintiff must still conform to procedural rules, and the Court does not have 'license to act as *de facto* counsel' on behalf of a *pro se* plaintiff."))

## III.   Appellant's Argument That the Statute of Limitations Has Run Cannot Stand

Appellant asserts that, while the District Court's order dismissing this action (Dkt. No. 39) was without prejudice, "**the statute of limitations has arguably expired, giving the dismissal the effect of a dismissal with prejudice**."  (Motion at 3) (emphasis in original).  Appellant's suggestion that there is now a statute of limitations bar to filing another lawsuit under the Rehabilitation Act is a consequence of his own making.  The District Court dismissed this case on November 3, 2025, without prejudice.  Instead of filing a new action, Appellant elected to try to continue to litigate this case and filed a Motion to Vacate.  To the extent that Appellant is now asserting that his strategic decision not to file another action has a consequence, that is not a basis for the District Court to vacate its ruling. Maradiaga v. United States, 679 F.3d 1286, 1294 (11th Cir. 2012); see also Sheets v. Woelk, No. 2:25-cv-578-SPC-NPM, 2026 U.S. Dist. LEXIS 9638, at *3 (M.D.

17

Fla. Jan. 20, 2026) (concluding that an intentional decision is not a basis for relief under Rule 60(b)).

Moreover, for the reasons addressed above, the alleged statute of limitation issue is of no moment. Even if the District Court were to consider the amended complaint that Appellant belatedly filed, it does not state a claim, as a matter of law, under the Rehabilitation Act. Thus, the statute of limitations issue would not need to be reached to conclude Appellant, after being presented with an opportunity to amend, failed to state a claim, and thus, the District Court did not err in finding that this action has been properly dismissed. (Id.).

## IV.    Conclusion

As the Eleventh Circuit has recognized, "[a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standards." Ghee, 271 F. App'x at 859. For all the foregoing reasons, Appellant cannot demonstrate that his appeal has been brought in good faith or presents a nonfrivolous argument to be presented on appeal. Plaintiff was given the opportunity to file an amended complaint and failed to do as directed by the Court. Even then, the District Court considered the belated proposed pleading, but it found it failed to state a claim and it would be futile if filed. Appellant has not and cannot show that the District Court's decision denying permission to proceed in forma pauperis as provided in 28 U.S.C. § 1915 was an abuse of discretion.

18

WHEREFORE, Appellees respectfully request the Court to enter an order denying the Motion.

## CERTIFICATE OF COMPLIANCE

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this response has been prepared in a proportionally spaced typeface in fourteen-point found of Times New Roman.  This motion contains 5,094 words.

Dated this 27th day of April, 2026.

Respectfully submitted,

*/s/ Sacha Dyson*
SACHA DYSON
Florida Bar No. 509191
JORDAN V. GETCHELL
Florida Bar No. 1070185
BUSH GRAZIANO RICE &
HEARING, P.A.
100 S. Ashley Drive, Suite 1400
Tampa, Florida 33602
(813) 228-7000 (telephone)
(813) 273-0091 (facsimile)
sdyson@bgrhlaw.com;
jgetchell@bgrhlaw.com
Attorneys for Appellees

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 27th day of April, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to:

19

Daniel Frishberg
3400 E. Fletcher Avenue, Apt. 122A
Tampa, FL 33613

Pro Se Plaintiff/Appellee

*/s/ Sacha Dyson*
Attorney
