**No. 26-10844-C**

_____

## IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

_____

Daniel Frishberg, *Plaintiff-Appellant,*

v.

University Of South Florida Board Of Trustees, HRSE-Capstone Tampa, LLC, *et al*, *Defendant-Appellees*

Appeal from the United States District Court for the Middle District of Florida

No. 8:24-cv-00022-TPB-NHA[1]

_____

## APPELLANT'S REPLY IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

_____

Daniel Frishberg, *Pro Se*

dannyfrishberg@gmail.com

754-237-8472

3400 E Fletcher Ave, Apt 122-A,

Tampa, Florida, 33613

---

[1] https://ecf.flmd.uscourts.gov/cgi-bin/DktRpt.pl?422507

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

## <u>AND CORPORATE DISCLOSURE STATEMENT</u>

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure as well as Eleventh Circuit Rule 26.1-2, the undersigned Plaintiff Appellant hereby certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Adams, Natalie Hirt, United States Magistrate Judge, Middle District of Florida;

2. Barber, Thomas, United States District Judge, Middle District of Florida;

3. Black, Melissa C., County Court Judge, Thirteenth Judicial Circuit, Hillsborough County, Florida

4. Bush Graziano Rice & Hearing, P.A., counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

5. Capstone Development Partners, LLC;

6. Daniel Frishberg, Pro Se Plaintiff/Appellant;

7. Dyson, Sacha, counsel for Defendants, University of South Florida

Board of Trustees and HRSE-Capstone Tampa, LLC,

Defendants/Appellees;

8. Harrison Street Real Estate Capital LLC;

9. HSRE-Capstone Tampa, LLC, Defendant/Appellee;

10. University of South Florida Board of Trustees, Defendant/Appellee;

11. Getchell, Jordan V., counsel for Defendants, University of South

Florida Board of Trustees and HRSE-Capstone Tampa, LLC,

Defendants/Appellees;

No other trial judge, attorney, person, association of persons, firm, partnership,

or corporation known to the Appellant, has any current interest in the

outcome of this matter.

I hereby certify pursuant to 11th Circuit Rule 26.1-3(b) that no publicly traded

company or corporation has an interest in the outcome of the case or appeal.

*/s/ Daniel A. Frishberg*
Daniel A. Frishberg

## INTRODUCTION

Appellees' response argues the merits of the dismissal. That is the wrong standard. The question on this motion is whether the appeal is "not clearly frivolous." *Coppedge v. United States*, 369 U.S. 438, 446 (1962). An issue is non-frivolous if it has "arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). Appellees do not cite *Coppedge* or *Napier*. They never engage in the governing test.

Five points warrant a brief response.

## I. APPELLEES IGNORE THE GOVERNING STANDARD

Appellees' response reads as a merits opposition. It argues that the district court's findings were correct, that excusable neglect was lacking, and that the proposed amended complaint fails to state a claim. The IFP question is different. It asks only whether the appeal presents issues "capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). Even Appellees' own authority confirms this: a litigant "demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective

standard." *Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (cited at Resp. 18).

Appellees' approach also confuses the function of an appeal. The purpose of appellate review is to test whether the district court erred. Repeating the district court's reasoning back to this Court does not establish frivolity; it begs the question this appeal is meant to answer. The district court's certification "is entitled to weight" but "is not conclusive." *Coppedge*, 369 U.S. at 446.

The District Court's own denial order acknowledged that "it is not clear whether a claim involving an emotional support animal is cognizable under the Rehabilitation Act" in this Circuit. (Doc. 61 at 6 n.3). An open question of circuit law is, by definition, arguable.

## II. APPELLEES DO NOT ENGAGE *MICKLES*, *WOLDEAB*, OR *SEMTEK*

Appellees devote only two paragraphs (Resp. 17-18) to the statute-of-limitations point. They do not address *Mickles v. Country Club, Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018). They do not address *Woldeab v. DeKalb County Board of Education*, 885 F.3d 1289, 1291 (11th Cir. 2018). They do not address

*Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001). Each is dispositive of an issue Appellees' response leaves unanswered.

This Court invoked *Semtek* in the prior appeal to treat a nominally-without-prejudice dismissal as functionally with prejudice once refiling was barred. (Doc. 36 at 11-12). It then applied *Woldeab* to hold that the district court "erred when it dismissed the action without giving Frishberg an opportunity to amend." (Doc. 36 at 12). The same logic applies now. The November 3, 2025 dismissal is nominally without prejudice but, with the limitations period expired, operates as a dismissal with prejudice. Under *Mickles*, that disposition requires "both (1) a clear record of delay or willful conduct, and (2) a finding that lesser sanctions are inadequate." 887 F.3d at 1280. **The District court made neither finding**. Whether *Mickles* required those findings here is, at minimum, an arguable question.

Appellees recharacterize Appellant's posture as a "strategic decision not to file another action" (Resp. 17). That framing does not survive scrutiny. The Eleventh Circuit's mandate directed amendment of *this* action, not the filing of a separate suit. A litigant operating under a mandate is not required to second-guess the mandate by filing a duplicate action elsewhere. More importantly, the statute-of-limitations consequence was not theoretical at the time of the district

court's ruling. Appellant's February 11, 2026 motion to supplement the Rule 60(b) record (Doc. 56) put the district court on direct notice that denial would be SOL-terminal. The district court denied that supplement and then denied the underlying Rule 60(b) motion without making any *Mickles* findings. The consequence flowed from the district court's ruling, not from any "strategic" choice by Appellant.

The same gap appears on the notice question. Appellees argue that Appellant could have monitored the docket through the Clerk's Office. (Resp. 7-8). That misses *Woldeab*. The mandate required a "meaningful opportunity to amend." A 14-day window communicated through PACER (suspended) and mail (which Appellant never received) is arguable as failing that standard. The position that a *pro se* litigant should have telephoned the Clerk's Office daily on the chance an order had been issued is not a serious one. **Appellees do not address *Woldeab* at all.**

## III. THE FUTILITY RULING RESTS ON MULTIPLE GROUNDS, AND EACH IS SEPARATELY FATALLY FLAWED

The District court's futility ruling rested on multiple grounds. For purposes of this IFP motion, that posture cuts in Appellant's favor, not Appellees'. Under

*Coppedge*, IFP must be granted *if even one* issue presented on appeal is "not clearly frivolous." 369 U.S. at 446. The inquiry is per-issue, not per-judgment. Appellant need not show that every ground supporting the dismissal is reversible to obtain IFP; he need only show that the issues he raises are arguable. The futility ruling itself is reviewed *de novo*. *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1264 (11th Cir. 2011).

Each of the grounds Appellant challenges meets the IFP threshold:

**A. Causation/Chronology.**

The district court found that Appellant was removed from housing for refusing to attend a workshop and pay a $25 fee. (Doc. 61 at 9-10). The undisputed record shows the housing cancellation occurred before the workshop and fee were imposed. (Mot. 5-6). A causation finding that depends on a sanction post-dating the act it allegedly caused is arguable on *de novo* review.

**B. Specific Accommodation Request.**

Appellant alleged he requested common-area access "with his ESA present and accompanied by him," at "limited times and specific locations," and that Appellees "refused to consider any modification or alternative." (Proposed Am. Compl. ¶ 21). The district court read the complaint as a request for the cat to "roam

freely" without Appellant present. (Doc. 61 at 8 n.7). **That misreads the pleading.** Whether the actual request was reasonable is, at minimum, arguable—and *Ali* and *Frechtman*, the cases Appellees cite (Resp. 14-15), addressed off-leash dogs in different factual postures.

**C. Disability Allegation.**

The proposed amended complaint identifies Appellant as an "individual with a disability within the meaning of the Rehabilitation Act" and attaches **Exhibit L**: a verified letter from Appellant's treating psychiatrist confirming that DSM-5 diagnostic criteria are met, that Appellant has significant functional impairment affecting major life activities, and that the ESA is medically necessary. (Proposed Am. Compl. ¶ 1 & **Ex. L**).

Appellees' lead authority on this point — *Karantsalis v. City of Miami Springs*, 17 F.4th 1316, 1322-23 (11th Cir. 2021) (cited at Resp. 15) — **does not stand for the proposition Appellees claim**. Karantsalis is a statute-of-limitations accrual case about progressive disabilities. The cited page (1322) discusses the federal accrual rule under *Rozar v. Mullis*. The opinion does not address *Iqbal* pleading sufficiency for disability allegations at all. Indeed, the Eleventh Circuit reversed the dismissal in *Karantsalis* — and the panel did not reach the pleading-sufficiency question Appellees cite it for.

Appellees' remaining authorities are distinguishable. *Chapman v. U.S. Postal Service,* 442 F. App'x 480, 485 (11th Cir. 2011), is an unpublished ADA case in which the plaintiff alleged only that "a physical or mental disability was a factor of discrimination" — without specifying category, nature, or major-life-activity impact. Id. *Metcalfe and Ferguson v. Ivey (*cited at Resp. 15-16*)* involved similar pleading vacuums.

Here, the operative pleading identifies the impairment as psychiatric, identifies functional impairment in major life activities, and attaches a verified treating-physician letter establishing the medical foundation. The controlling regulation, 34 C.F.R. § 104.3(j)(2)(i), expressly includes "emotional illness" within the protected category and does not require itemization of a specific diagnosis. Whether the pleading allegations and **Exhibit L** together satisfy *Iqbal* is a non-frivolous question.

**D. Shotgun Pleading.**

Eleventh Circuit precedent is binding and explicit. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018), holds: "In the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." For *pro se* litigants, *Woldeab*, 885 F.3d at 1291–92, applies the rule even more strictly,

requiring an opportunity to amend "even when the plaintiff does not seek leave to amend the complaint in the district court." The District Court here did neither. **It issued no repleading order, identified no specific defect, provided no guidance on how to cure, and yet found the pleading futile on shotgun-pleading grounds.**

Appellees' invocation of *Snow v. DirecTV, Inc.*, 450 F.3d 1314 (11th Cir. 2006) (Resp. 16-17), reframes Appellant's argument into something Appellant did not make. Appellant has not asked the district court — and does not ask this Court — to rewrite the proposed amended complaint. *Snow* holds only that a court need not draft a litigant's pleading. *Vibe Micro* and *Woldeab* hold that a court must allow the litigant to draft a better one. The two rules coexist: the court does not author the cure; it permits the litigant to attempt one. The argument here is that the district court was required to follow *Vibe Micro* and *Woldeab* — binding Eleventh Circuit precedent — and did not. That is, at minimum, arguable.

## IV. THE DISABILITY-AS-CAUSE-OF-DELAY POINT IS NOT DISPOSITIVE

Appellees argue that Appellant did not explicitly link his disability to the filing delay in his initial Rule 60(b)(1) motion. (Resp. 10-11). Even if Appellees' characterization were accurate—which it is not—the disability is established in the existing record, and the core legal errors regarding futility and *Mickles* remain independent, dispositive, and sufficient to grant IFP.

First, the disability is already part of the record. **Exhibit L** is attached to the operative complaint and was explicitly referenced in the February 11, 2026 supplement (Doc. 56). The District Court is charged with notice of the entire record before it. Second, the *Coppedge* inquiry asks whether the appeal as a whole presents non-frivolous issues, not whether every sub-argument was preserved word-for-word below. Appellees cannot use a waiver argument on one particular sub-issue to kill the entire appeal. The *Pioneer* factors that were squarely raised below—the lack of PACER access due to indigency, mail delays/issues, the absence of meaningful notice, and the brevity of the 14-day window (Doc. 46 at 5)—remain fully briefed and active in this case.

Most importantly, the *de novo* futility analysis operates entirely independent of the disability-and-delay point. **Because the District Court's futility ruling**

**relies on a manifest error of fact—specifically, the temporal impossibility of a November 17 eviction being caused by a November 21 sanction**—the appeal presents a non-frivolous issue of fact and law regardless of the specific justification provided for the one-day filing delay.

## V. APPELLEES' "SERIAL NONCOMPLIANCE" NARRATIVE MISSTATES THE PIONEER INQUIRY

A substantial portion of Appellees' response (Resp. 11–13) is devoted to cataloguing the District Court's prior warnings to Appellant about *pro se* procedural obligations. The implication is that any prior judicial reminder forecloses excusable neglect. That is not the law.

*Pioneer* established a totality-of-circumstances test that examines four enumerated factors and "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Supreme Court did not create a strict-liability rule under which prior reminders about procedural duties extinguish all future excusable-neglect findings. If that were the law, no *pro se* litigant who had ever been told to follow

the rules could ever obtain relief under Rule 60(b)(1) — a position no court has adopted.

## A. Appellees' Cited Authorities Do Not Support Their Position.

*Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002), holds that *pro se* litigants must comply with procedural rules — not that pro se status drops out of the *Pioneer* analysis.

*Yeschick v. Mineta* and *Trevino v. City of Fort Worth* are non-binding out-of-circuit authority involving counseled parties and CM/ECF or email-routing failures, not a *pro se* litigant cut off from PACER by indigency.

*Auto Alignment & Body Service v. State Farm Mutual Automobile Insurance Co.*, 953 F.3d 707, 720 (11th Cir. 2020), addresses late amendment in the absence of a motion to set aside the judgment. Appellant filed precisely such a motion. Rule 60(b) is the mechanism by which a district court regains authority to reopen the case — Appellees' own cited authority does not preclude its use here.

## B. Appellees Penalize the Diligence That Produced the Record They Now Cite.

Appellees argue that Appellant could have monitored the docket through the Clerk's Office "the entire time" (Resp. 7), citing as proof the fact that Appellant ultimately learned of the deadline by calling the Clerk on October 30, 2025.

That argument inverts the record. The only reason Appellees know Appellant called the Clerk's office on October 30 is that Appellant did so — proactively, before any deadline was known to him. A litigant who took no action at all would have generated no record for Appellees to invoke. Appellees thus penalize the very diligence that uncovered the deadline, while characterizing that diligence as evidence of the absence of diligence.

The accepted means of post-mandate docket monitoring is electronic notice via PACER. Appellant had no PACER access — for reasons the District Court itself characterized as financial — and no mailed order arrived at his address of record. The fact that Appellant eventually obtained the deadline by calling the Clerk does not establish that he should have done so daily on the chance an order had issued.

## C. Appellees Mischaracterize Appellant's *Pioneer* Argument.

Appellees argue that Appellant's "pro se status does not constitute excusable neglect" (Resp. 12). That mischaracterizes Appellant's argument.

Appellant has not asserted that *pro se* status *alone* constitutes excusable neglect. He has asserted that *pro se* status, financial inability to maintain PACER, mail failure, lack of actual notice, a one-business-day delay, and good-faith

conduct — including pre-deadline service of the amended complaint on Appellees by email — taken together establish excusable neglect under *Pioneer*.

Appellees' tactic of isolating each factor and arguing that no single factor independently suffices is a familiar one, but it is not the *Pioneer* inquiry. The District Court's conclusion that Appellant exhibited a "lack of diligence" rests on a recharacterization of the record and a selective reading of the *Pioneer* factors. Whether that conclusion withstands scrutiny is, at minimum, arguable.

## **CONCLUSION**

For the foregoing reasons, this Court should **GRANT** *Appellant's Motion to Proceed In Forma Pauperis on Appeal* and **OVERRULE** Appellees' objections.

Respectfully submitted,
/s/*Daniel A. Frishberg*
Daniel A. Frishberg, *Pro Se*
3400 E. Fletcher Avenue, Apt. 122A Tampa, FL 33613
dannyfrishberg@gmail.com
754-237-8472
Dated: May 4, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2026, a true and correct copy of *Appellant's Reply In Support Of Motion To Proceed In Forma Pauperis On Appeal* was filed in the United States Court for Appeals For The 11th Circuit (via PACER/ECF) and electronically served upon the Defendants in the case.

*/s/ Daniel A. Frishberg*
Daniel A. Frishberg
*Pro Se*
May 4, 2026

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this reply contains 2,402 words.

This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this reply has been prepared in a proportionally spaced typeface in 14-point Times New Roman.

Dated: May 4, 2026

/s/ *Daniel A. Frishberg*

Daniel A. Frishberg, *Pro Se*