**No. 26-10844-C**

---

**IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

---

Daniel Frishberg, *Plaintiff-Appellant,*

v.

University Of South Florida Board Of Trustees, HRSE-Capstone Tampa, LLC, *et al.*, *Defendant-Appellee(s)*

Appeal from the United States District Court for the Middle District of Florida

No. 8:24-cv-00022-TPB-NHA[1]

---

# APPELLANT'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL

---

Daniel Frishberg, *Pro Se*
danielfrishberg@usf.edu[2]
754-237-8472

[1] https://ecf.flmd.uscourts.gov/cgi-bin/DktRpt.pl?422507
[2] The Plaintiff-Appellant does not have an "Office Address", so he has put an email instead.

Appellant Daniel A. Frishberg respectfully moves, under this Court's inherent equitable authority and, in the alternative, Federal Rule of Appellate Procedure 10(e)(2)(C), to supplement the record on appeal with a single document: an email he sent on October 31, 2025 — the day the court-ordered filing deadline expired — to the chambers of the district judge, with counsel for Appellees copied. A true and correct copy is attached as **Exhibit A** and authenticated by the accompanying *Declaration of Daniel A. Frishberg In Support Of Motion To Supplement*.

The document goes to the heart of the order under review. In denying Rule 60(b) relief, the district court found that "it was not until after the Court entered its dismissal order on November 3rd that [Appellant] even attempted to file any request for an extension of time or an amended complaint." Doc. 61 at 5. The attached email — sent to chambers on October 31, the day the deadline expired, attaching Appellant's proposed amended complaint and asking to file electronically or for a brief extension — is contemporaneous evidence bearing directly on that finding. The record on appeal should contain it.

In support, Appellant respectfully states as follows:

## BACKGROUND

Following this Court's mandate in the prior appeal (No. 24-11175), the district court reopened the case and ordered Appellant to file an amended complaint no later than October 31, 2025. Doc. 38.

On October 31, 2025, before the day's deadline, Appellant emailed the district judge's chambers, with a copy to counsel for Appellees, under the subject line "Time Sensitive Filing Question." The email recounted the circumstances that had prevented a timely filing — including his unsuccessful attempt to file electronically that day — attached his proposed amended complaint, and asked whether he could be permitted to file electronically or be granted a brief extension to file in person. **Ex. A**; Decl. ¶¶ 2–4.

Appellant had been denied CM/ECF electronic-filing privileges, Doc. 26, and could not file in person after the Clerk's Office had closed for the day. He did not separately move to enter the email on the district court docket.

The email's existence and substance are reflected in the record by both parties. Appellant's Rule 60(b)(1) motion, which is part of the record on appeal,

recounts the October 31 email, Doc. 46, and Appellees addressed the same email in their district-court response opposing Appellant's out-of-time and electronic-filing motions, Doc. 44 at 8. The email's existence and transmission are thus undisputed, and both parties placed it before the district court.

Counsel for Appellees was a contemporaneous recipient of the email on October 31, 2025, and Appellees have possessed it since before the deadline to file expired.

On November 3, 2025, the district court dismissed the case for want of prosecution. Doc. 39. In later denying Rule 60(b)(1) relief, the court found that Appellant did not attempt to file any request for an extension of time or an amended complaint until after the November 3 dismissal. Doc. 61 at 5. That finding is a central basis of the order under review.

## ARGUMENT

This Court may supplement the record on either of two independent grounds, and the October 31 email qualifies under both. This Court's inherent equitable authority authorizes supplementation in the interests of justice, including of material not formally before the district court; and to the extent the email is

regarded as having been before the district court, Rule 10(e)(2)(C) supplies an alternative, rule-based basis. Either way, the document belongs in the record.

## I. This Court Should Supplement The Record Under Its Inherent Equitable Authority Because The October 31 Email Is Pivotal And Supplementation Serves The Interests Of Justice.

This Court has "the inherent equitable power to allow supplementation of the appellate record if it is in the interests of justice." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000) (citing *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995)); accord *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 n.4 (11th Cir. 2003). That power reaches "material not before the district court." *CSX*, 235 F.3d at 1330. The Court decides such requests "on a case-by-case basis"; although it considers "whether the additional material would be dispositive of pending issues in the case and whether interests of justice and judicial economy would thereby be served," those factors are "only guidelines," and "[e]ven when the added material will not conclusively resolve an issue on appeal, [the Court] may allow supplementation in the aid of making an informed decision." *Young*, 59 F.3d at 1168; accord *Schwartz*, 341 F.3d at 1225 n.4.

The email bears directly on a factual premise of the order under review; as the standards set out above make clear, it need not be dispositive of the appeal to

warrant supplementation. The order found that "it was not until after the Court entered its dismissal order on November 3rd that [Appellant] even attempted to file ***any*** request for an extension of time or an amended complaint." Doc. 61 at 5 (emphasis added). The October 31 email speaks directly to that finding. It was sent to the district judge's chambers on the day the deadline expired; it attached the very amended complaint the finding says Appellant did not attempt to file until later; and on its face it asked to file electronically or for a brief extension to file in person. The email is thus contemporaneous evidence that Appellant was attempting to place his amended complaint before the court on October 31 — before, not after, the November 3 dismissal — and it bears directly on the reason-for-delay and good-faith considerations governing the order. Because the email was sent on the deadline day, before any dismissal, it is a contemporaneous record of the situation as it then stood — not a post hoc account assembled after the adverse ruling — and is entitled to the weight courts accord contemporaneous documents. And granting supplementation does not require this Court to resolve whether Appellant's neglect was ultimately excusable; it requires only that the email bear on a finding material to that question, which it plainly does.

Supplementation also serves judicial economy. Without the email in the record, this Court would be left either to review the no-attempt finding without the

document that bears on it, or to remand so the district court can consider a communication already in both parties' possession — in a case that has already come before this Court once and returned on remand. Adding the email now, rather than remanding, is the more "efficient use of judicial resources." *Dickerson v. Alabama,* 667 F.2d 1364, 1367 (11th Cir. 1982); *see CSX*, 235 F.3d at 1330.

Supplementation would not prejudice Appellees, and authenticity is not in question. Counsel for Appellees was copied on the email the day it was sent and has possessed it ever since; Appellees referenced the same email in their own district-court briefing, Doc. 44 at 8, and have litigated the very events it documents throughout the Rule 60(b) proceedings. They thus cannot claim surprise, or a lack of notice of the email's existence or contents. *See Dickerson*, 667 F.2d at 1368. The document Appellant seeks to add is exactly what he sent to chambers and what counsel for Appellees received that day.

## II. In The Alternative, Rule 10(e)(2)(C) Supplies A Rule-Based Basis To The Extent The Email Is Regarded As Having Been Before The District Court.

Rule 10(e)(2)(C) authorizes the court of appeals to correct the record where "anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2)(C). This Court applies that authority

where "the parties have treated the material as if it was part of the record and later discover that for some unexplained reason it was not." *Ross v. Kemp*, 785 F.2d 1467, 1474 n.12 (11th Cir. 1986). Both parties addressed the October 31 email to the district court — Appellant in Doc. 46, Appellees in Doc. 44 — and Appellees have possessed it since the day it was sent. Appellant does not contend the email was a docketed filing; he transmitted it to chambers, with opposing counsel copied, as the only means of placing the document before the court before the deadline, after he had been denied electronic filing via CM/ECF and the Clerk's Office had closed. To the extent the Court regards the email as having been before the district court, its omission from the docket is correctable under the Rule.

## III. Excluding A Document Appellant Sent To Chambers On The Deadline Day, And That Both Parties Possess, Would Defeat The Ends Of Justice.

Keeping the October 31 email out of the record would elevate a docketing technicality over the merits. The email is a contemporaneous communication that Appellant sent to the district judge's chambers on the day of the deadline and that opposing counsel has held since the day it was sent. To exclude it while this Court reviews a finding the email directly addresses would defeat, rather than promote, the ends of justice. *See Hormel v. Helvering*, 312 U.S. 552, 557 (1941) ("[T]he

rules of practice and procedure are devised to promote the ends of justice, not to defeat them.") (quoted in *CSX*, 235 F.3d at 1330).

## CONCLUSION

For these reasons, Appellant respectfully requests that the Court grant leave to supplement the record on appeal with the October 31, 2025 email attached as **Exhibit A** and the accompanying *Declaration of Daniel A. Frishberg In Support Of Motion To Supplement*.

Respectfully submitted,

/s/*Daniel A. Frishberg*

Daniel A. Frishberg, *Pro Se*

284 Monroe Drive, Mountain View, California, 94040

danielfrishberg@usf.edu, 754-237-8472

## **Statement of Appellees' Position (11th Cir. R. 27-1).**

Appellant conferred with counsel for Appellees via email regarding this motion. Appellees **oppose** this motion.

## EXHIBIT A: October 31, 2025 Email To Chambers Requesting Extension Or E Filing

“Subject: Time Sensitive Filing Question

To: The Chambers of the Honorable Thomas P. Barber

Cc: Sacha Dyson, Counsel for Appellees

Date/Time: October 31, 2025, [4:22 p.m. ET]

To The Chambers Of The Honorable Judge Barber,

My name is Daniel Frishberg (Pro Se), and I am emailing about case number 8:24-cv-00022-TPB-NHA. I am writing to respectfully ask for the Court’s consideration and understanding regarding the deadline for filing my amended complaint following the remand.

Yesterday, October 30, 2025, I contacted the Clerk’s Office to ask about my filing deadline and was informed that it is today, October 31, 2025, at 6:00 p.m. EST. I also learned that a physical notice had been mailed on October 20, 2025, but as of

this writing I have not received it. I was therefore caught by surprise by the deadline despite doing my best to stay on top of the case. I have previously been permitted to file electronically due to the costs and logistics involved with in-person filing. As soon as I learned of the deadline, I attempted to file my amended complaint electronically, and when that failed, I contacted the Clerk's Office again at about 3:50 p.m. today for help. I was told I would need to file a motion in person to be allowed to e-file, but the courthouse closed just minutes later. I am doing my best to comply and mean no disrespect to the Court or the process. I respectfully ask whether I may either:

1. Be granted permission to file the amended complaint electronically, or;
2. Receive a very brief extension (for example, until Monday, November 3, 2025) to file it in person. I will serve the defendants immediately to ensure they are not prejudiced in any way. I sincerely apologize for the late notice and any inconvenience, and I appreciate the Court's time and understanding.

I have attached the complaint to this email.

Best Regards,

Daniel Frishberg"

Time Sensitive Filing Question

Oct 31, 2025, 1:22 PM

to CHAMBERS, Sacha

To The Chambers Of The Honorable Judge Barber,

My name is Daniel Frishberg (Pro Se), and I am emailing about case number 8:24-cv-00022-TPB-NHA. I am writing to respectfully ask for the Court's consideration and understanding regarding the deadline for filing my amended complaint following the remand.

Yesterday, October 30, 2025, I contacted the Clerk's Office to ask about my filing deadline and was informed that it is today, October 31, 2025, at 6:00 p.m. EST. I also learned that a physical notice had been mailed on October 20, 2025, but as of this writing I have not received it. I was therefore caught by surprise by the deadline despite doing my best to stay on top of the case. I have previously been permitted to file electronically due to the costs and logistics involved with in-person filing. As soon as I learned of the deadline, I attempted to file my amended complaint electronically, and when that failed, I contacted the Clerk's Office again at about 3:50 p.m. today for help. I was told I would need to file a motion in person to be allowed to e-file, but the courthouse closed just minutes later. I am doing my best to comply and mean no disrespect to the Court or the process.
I respectfully ask whether I may either:
1. Be granted permission to file the amended complaint electronically, or;
2. Receive a very brief extension (for example, until Monday, November 3, 2025) to file it in person. I will serve the defendants immediately to ensure they are not prejudiced in any way. I sincerely apologize for the late notice and any inconvenience, and I appreciate the Court's time and understanding.

I have attached the complaint to this email.

Best Regards,
Daniel Frishberg

**One attachment** • Scanned by Gmail Add to Drive



_FINAL RA USF C...

[3]

[3] The screenshot was taken in California, hence it showing in PST.

# DECLARATION OF DANIEL A. FRISHBERG

I, Daniel A. Frishberg, declare under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Plaintiff-Appellant in this appeal and proceed *pro se*.
2. Attached as **Exhibit A** is a true and correct copy of an email I sent on October 31, 2025, at approximately 4:22 p.m. Eastern Time, to the chambers of the Honorable Thomas P. Barber, with counsel for Defendants, Sacha Dyson, copied on the email, concerning Case No. 8:24-cv-00022-TPB-NHA.
3. I sent the email on October 31, 2025, the day the deadline to file an amended complaint expired, and I attached my proposed amended complaint to it.
4. **Exhibit A** is a true and correct copy of the email as I sent it; I have not altered its text.

Executed on June 23, 2026 in Santa Clara County, California

*/s/Daniel A. Frishberg*

Daniel A. Frishberg, *Pro Se*

## Certificate Of Compliance

This motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 1,602 words. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, 14-point serif typeface (Times New Roman) using Google Docs.

*/s/Daniel A. Frishberg*

Daniel A. Frishberg, *Pro Se*

Dated: June 23, 2026