**CASE NO. 26-10844-C**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

**DANIEL FRISHBERG**

(Plaintiff/Appellant)

vs.

**UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, ET AL.**

(Defendants/Appellees)

_____

**An Appeal from the United States District Court
for the Middle District of Florida, Tampa Division**

_____

**District Court Docket No. 8:24-cv-00022-TPB-NHA**

_____

**APPELLEES' RESPONSE TO APPELLANT'S
MOTION TO SUPPLEMENT THE RECORD ON APPEAL**

SACHA DYSON
Florida Bar No. 509191
JORDAN V. GETCHELL
Florida Bar No. 1070185
BUSH GRAZIANO RICE &
HEARING, P.A.
100 S. Ashley Drive, Suite 1400
Tampa, Florida 33602
(813) 228-7000 (telephone)
(813) 273-0091 (facsimile)
sdyson@bgrhlaw.com;
jgetchell@bgrhlaw.com

Case No. 26-10844-C
<u>Frishberg v. University of South Florida</u>
<u>Board Trustees, et al.</u>

## <u>CERTIFICATE OF INTERESTED PERSONS AND</u><br><u>CORPORATE DISCLOSURE STATEMENT</u>

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure as well as Eleventh Circuit Rule 26.1-2, the undersigned counsel of record hereby certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1.    Adams, Natalie Hirt, United States Magistrate Judge, Middle District of Florida;

2.    Barber, Thomas, United States District Judge, Middle District of Florida;

3.    Black, Melissa C., County Court Judge, Thirteenth Judicial Circuit, Hillsborough County, Florida

4.    Bush Graziano Rice & Hearing, P.A., counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

5.    Capstone Development Partners, LLC;

6.    Daniel Frishberg, Pro Se Plaintiff/Appellant;

7.    Dyson, Sacha, counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

C-1

Case No. 26-10844-C
Frishberg v. University of South Florida
Board Trustees, et al.

8.       Getchell, Jordan V., counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

9.       Harrison Street Real Estate Capital LLC;

10.     HSRE-Capstone Tampa, LLC, Defendant/Appellee;

11.     University of South Florida Board of Trustees, Defendant/Appellee;

No other trial judge, attorney, person, association of persons, firm, partnership, or corporation known to the Appellants or their counsel, has any current interest in the outcome of this matter.

I hereby certify pursuant to 11th Circuit Rule 26.1-3(b) that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

C-2

**RESPONSE TO MOTION**

Appellant seeks to supplement the record on appeal with an additional document—an improper communication to the District Court Judge's chambers. Appellant's Motion should be denied because the email was not properly before the District Court and Appellant did not follow the procedure outlined in Rule 10 of the Federal Rules of Appellate Procedure.

## I.      The October 31 Email Was Not Properly Before the District Court

This Court has the power to supplement the record "in exceptional circumstances." Vital Pharm., Inc. v. Alfieri, 23 F.4th 1282, 1288 (11th Cir. 2022) (internal quotation omitted).  One such circumstance is if supplementing the record "is in the interests of justice." CSX Transp. Inc. v. City of Garden City, 235 F.3d 1325, 1330 (11th Cir. 2000).  This Court has found that a "primary factor" in deciding a motion to supplement the record is whether the new material "would establish beyond any doubt the proper resolution of the pending issues."  Id. Whether to grant a motion to supplement the record on appeal "is a matter left to [this Court's] discretion." Id.

Appellant argues that the record before this Court should be supplemented pursuant to the Court's inherent authority because the document he seeks to add to the record "bears directly on a factual premise of the order under review."  (See Motion at 5).  Specifically, Appellant contends that the "document goes to the heart

of the order under review" because "it is contemporaneous evidence that Appellant was attempting to place his amended complaint before the court on October 31 — before, not after, the November 3 dismissal."  (Id. at 2, 6).  Appellant further contends that the document—an improper communication to the District Court Judge's chambers—was properly before the District Court because the email was transmitted to the District Court, counsel for Appellees contemporaneously received the email when it was transmitted to the District Court, and the "email's existence and substance are reflected in the record by both parties."  (Id. at 3-4).

The October 31 email to chambers was not properly before the District Court because it was sent in violation of Local Rule 3.01(l) of the Middle District of Florida.  See Local Rule 3.01(l) ("A party must not use a letter, email, or the like to request relief or to respond to a request for relief.").  It was therefore an unauthorized correspondence to the District Court which the District Court properly ignored.  See English v. Fla. Dep't of Corr., No. 5:26-cv-281-AGM-PRL, 2026 U.S. Dist. LEXIS 118006, at *2 (M.D. Fla. May 28, 2026) ("[Plaintiff] should not send another letter to the Court, because any further letter will be stricken under Local Rule 3.01(l)."); see also Jackson v. Discovery Fin. Servs., No. 3:23-cv-1097-TJC-JBT, 2023 U.S. Dist. LEXIS 199317, at *2-3 (M.D. Fla. 2023) ("Plaintiff shall not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form.  In keeping with their sworn duty to maintain complete impartiality in the exercise of their

judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party."); Koralewski v. Blackstone Labs, LLC, No. 23-cv-80759-MIDDLEBROOKS, 2023 U.S. Dist. LEXIS 232487, at *3 (S.D. Fla. Oct. 24, 2023) ("If Plaintiff attempts to show cause through improper communication with the court, such as via email, such correspondence *will not be considered*, and moreover this court may consider imposition of appropriate sanctions.") (emphasis in original).

Appellant was repeatedly reminded that he must comply with the Local Rules of the Middle District of Florida. Indeed, at the outset of this case, the District Court directed him to review the Court's Guide for Proceeding Without a Lawyer, which expressly provides, "No filing may be made in the form of a letter. Sending correspondence directly to a judge or a judge's chambers is improper." Thus, Plaintiff was well aware that this communication was improper and would not be considered as part of the record.

Furthermore, Appellant cannot establish extraordinary circumstances to warrant the relief requested. The email, an improper communication, does not establish compliance with the district court's order or that the district court abused its discretion in denying Appellant's Rule 60(b) motion. The email undermines

3

Appellant's argument on appeal because it shows that Appellant was aware of the deadline, prior to its expiration, and failed to take action to either file his amended complaint or a motion for extension of time.  Instead, he sent an email, which he knew was an improper communication.  Appellant can not show that supplementing this record to include a knowingly improper communication serves the interest of justice.

Additionally, Appellees did not make any argument regarding the October 31 email.  Rather, Appellees simply addressed Appellant's contention that he sent "an email to chambers" to indicate that Appellant was aware that such communication was prohibited.  (See Dkt. No. 44 at 8).  Appellees did not consent to making this email a part of the record, but rather expressly stated that it was improper and should not be considered by the District Court.

## II.    Appellant Did Not Follow the Procedure Outlined in Federal Rule of Appellate Procedure 10

Appellant contends that "to the extent the email is regarded as having been before the district court, Rule 10(e)(2)(C) supplies an alternative, rule-based basis" for supplementation of the record.  (See Motion at 4-5).  Federal Rule of Appellate Procedure 10(e)(2) states, "If anything material to either party is omitted from . . . the record by error or accident, the omission . . . may be corrected and a supplemental record may be certified . . . by the court of appeals."  Fed. R. App. P. 10(e)(2)(C).  Appellant contends that this Court "applies that authority where 'the

4

parties have treated the material as if it was part of the record and later discover that for some unexplained reason it was not.'" (Motion at 7-8) (quoting Ross v. Kemp, 785 F.2d 1467, 1474 n.12 (11th Cir. 1986)).  Appellant argues that, therefore, the email's "omission from the docket is correctable under the Rule." (Id. at 8).

Appellant's characterization of Rule 10 is incorrect.  See Fed. R. App. P. 10. As discussed above, the omission of the email from the record was not by error or accident.  Rather, the email was ignored because it was an improper communication to the District Court.  Further, Appellees did not treat the material as if it were part of the record.  (Dkt. No. 44 at 8).  Appellees merely addressed Appellant's argument about sending an "email to chambers," which notably was not attached to Appellant's filing.  (Id.; see also Dkt. No. 41 at ¶ 6).

Moreover, even Appellant ignored the email as he did not attach or include it in any filing in the district court.  While Appellant contends that "[b]oth parties address the October 31 email to the district court," (Motion at 8), he did not attach such email to any filing before the District Court.  Indeed, he admits that he "does not contend the email was a docketed filing." (Motion at 8).  "Rule 10(e) should not be used to allow the introduction of new evidence in the appellate court." Lester v. Portfolio Recovery Assocs., LLC, 324 F. Supp. 3d 1227, 1232 (N.D. Ala. 2018) (citing United States v. Smith, 493 F.2d 906, 907 (5th Cir. 1974); Weathersby v. One Source Mfg. Tech., L.L.C., 378 F. App'x 463, 466 (5th Cir. 2010) (stating in a

parenthetical that <u>Smith</u> held that "Rule 10(e) exists in order to ensure that the record considered by this court accurately reflects what actually happened at the district court level and not to introduce new evidence in the court of appeals which was never before the district court")). The email was never part of the materials considered by the District Court, and thus, there is no reason to supplement the record.

Further, even if the email was properly before the District Court, Appellant failed to follow the correct procedure for requesting supplementation of the record under Rule 10. Because the email was not omitted from the record due to any inadvertence of the District Court or the parties, Appellant was first required to bring the issue before the District Court pursuant to Rule 10(e)(1). Rule 10(e)(1) states, "If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by <u>that court</u> and the record conformed accordingly." Fed. R. App. P. 10(e)(1) (emphasis added). Appellant failed to do so here. Appellant's Motion is his first request to supplement the record with the October 31 email. The Motion was thus improperly submitted to this Court.

## III. Conclusion

For all the foregoing reasons, Appellant cannot demonstrate that this Court should supplement the record with the October 31 email. The email was not properly

before the District Court because it was an improper communication to the judge's chambers. The District Court was therefore correct in ignoring it. Even Appellant ignored the email as he did not attach it to a filing. Neither Rule 10 nor this Court's inherent authority can correct these failures. Appellant has not and cannot show that supplementation of the record is in the interests of justice.

WHEREFORE, Appellees respectfully request the Court to enter an order denying the Motion.

## CERTIFICATE OF COMPLIANCE

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this response has been prepared in a proportionally spaced typeface in fourteen-point found of Times New Roman. This motion contains 1,576 words.

Dated this 6th day of July, 2026.

Respectfully submitted,

*/s/ Sacha Dyson*

SACHA DYSON
Florida Bar No. 509191
JORDAN V. GETCHELL
Florida Bar No. 1070185
BUSH GRAZIANO RICE &
HEARING, P.A.
100 S. Ashley Drive, Suite 1400
Tampa, Florida 33602
(813) 228-7000 (telephone)
(813) 273-0091 (facsimile)
sdyson@bgrhlaw.com;

7

jgetchell@bgrhlaw.com
Attorneys for Appellees

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 6th day of July, 2026, I electronically filed

the foregoing with the Clerk of Court by using the CM/ECF system which will send

a notice of electronic filing to:

Daniel Frishberg
3400 E. Fletcher Avenue, Apt. 122A
Tampa, FL 33613

Pro Se Plaintiff/Appellee

*/s/ Sacha Dyson*
Attorney

8