**No. 26-10844-C**

---

**IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

---

Daniel Frishberg, *Plaintiff-Appellant,*

v.

University Of South Florida Board Of Trustees, HRSE-Capstone Tampa, LLC, *et al.*, *Defendant-Appellee(s)*

Appeal from the United States District Court for the Middle District of Florida

No. 8:24-cv-00022-TPB-NHA[1]

---

**APPELLANT'S RESPONSE IN SUPPORT OF APPELLANT'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL**

---

Daniel Frishberg, *Pro Se*
danielfrishberg@usf.edu[2]
754-237-8472

[1] https://ecf.flmd.uscourts.gov/cgi-bin/DktRpt.pl?422507
[2] The Plaintiff-Appellant does not have an "Office Address", so he has put an email instead.

## CERTIFICATE OF INTERESTED PERSONS

## AND CORPORATE DISCLOSURE STATEMENT

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure as well as Eleventh Circuit Rule 26.1-2, the undersigned counsel of record hereby certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Adams, Natalie Hirt, United States Magistrate Judge, Middle District of Florida;

2. Barber, Thomas, United States District Judge, Middle District of Florida;

3. Black, Melissa C., County Court Judge, Thirteenth Judicial Circuit, Hillsborough County, Florida

4. Bush Graziano Rice & Hearing, P.A., counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

5. Capstone Development Partners, LLC;

6. Daniel Frishberg, Pro Se Plaintiff/Appellant;

7. Dyson, Sacha, counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

8. Harrison Street Real Estate Capital LLC;

9. HRSE-Capstone Tampa, LLC, Defendant/Appellee;

10. Sullivan, Kevin M., counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees

11. University of South Florida Board of Trustees, Defendant/Appellee;

No other trial judge, attorney, person, association of persons, firm, partnership, or corporation known to the Appellees or their counsel, has any current interest in the outcome of this matter.

I hereby certify pursuant to 11th Circuit Rule 26.1-3(b) that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

## INTRODUCTION

Appellees' response confirms that the motion should be granted. The response does not dispute the October 31, 2025 email's authenticity. It does not claim prejudice or surprise — counsel was copied on the email the day it was sent and has possessed it ever since. *See Dickerson v. Alabama*, 667 F.2d 1364, 1368 (11th Cir. 1982). And it devotes a full paragraph to arguing what the email "shows" about the merits of this appeal. Resp. 3–4. A document whose contents both parties are already arguing to this Court belongs in the record before it. The response's remaining objections go to the weight the email should receive — a question for the panel, with the document in front of it — not to whether the record on appeal should contain it.

## I. Appellees' Own Merits Argument Confirms That The Email Is Material To The Pending Issues.

Appellees argue that "[t]he email undermines Appellant's argument on appeal because it shows that Appellant was aware of the deadline, prior to its expiration, and failed to take action to either file his amended complaint or a motion for extension of time." Resp. 3–4. That argument defeats their own opposition. Having argued what the email purportedly demonstrates, Appellees

necessarily acknowledge that its contents bear on the pending issues. And material that bears on a pending issue may be added to aid this Court's informed decision, even if it will not conclusively resolve the appeal. *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995). If the email "shows" what Appellees say it shows, whether it does is for the panel to weigh with the document before it — not a reason to keep the document out of the record. Both parties now rely on the email; they dispute *only* what it proves. That dispute should be resolved by the panel reading the document itself, not parties' competing descriptions of it. Appellees' assertion that they "did not make any argument regarding the October 31 email," Resp. 4, cannot be reconciled with the merits argument quoted above — an argument their response presses to this Court, whatever position they took in the district court. And the motion never contended that Appellees consented[3] to supplementation; it contended — and the response nowhere disputes — that Appellees cannot claim surprise or prejudice from the inclusion of a document their counsel has possessed since the day it was sent. Mot. at 7; *Dickerson*, 667 F.2d at 1368.

[3] For the avoidance of doubt, it was stated unambiguously that the Defendants oppose the motion in the Rule 11th Cir. R. 27-1 statement where Appellant wrote: "Appellees **oppose** this motion" (emphasis in original).

Appellees' characterization of the email also illustrates why the Court should read it rather than accept either side's gloss. The email speaks for itself: it recounts that Appellant first learned of the deadline on October 30 by calling the Clerk's Office; that the mailed notice had not arrived; that he attempted to file electronically on October 31 and called the Clerk's Office again that afternoon for help; and it attached the proposed amended complaint and asked either for permission to file it electronically or for a brief extension to file it in person. Ex. A.

Appellees read those facts as showing neglect; Appellant reads them as showing diligence in the face of failed notice. Either way, the assertion that Appellant "failed to take action" and "[i]nstead ... sent an email," Resp. 4, describes the very act whose legal significance this appeal presents — transmitting the proposed amended complaint to the court with a request for relief. Its procedural adequacy is a reason to read it, not a reason to exclude it from the record. Granting the motion requires no resolution of that merits dispute. Mot. at 6.

## **II. Impropriety Under Local Rule 3.01(l) Goes To The Email's Weight, Not To Whether The Record Should Contain It.**

Appellant acknowledged in the district court that email was not a proper vehicle for requesting relief, and committed not to repeat it. Doc. 46. The motion does not ask this Court to bless the communication. It asks the Court to include in the record a document that bears directly on the order's finding that "it was not until after the Court entered its dismissal order on November 3rd that [Appellant] even attempted to file any request for an extension of time or an amended complaint." Doc. 61 at 5. An attempt can be procedurally defective and still be an attempt — the response's own account of events ("he sent an email," Resp. 4) concedes the event occurred. Whether that deadline-day transmission bears on the excusable-neglect factors is precisely the kind of question this Court "cannot effectively review ... without looking to" the material itself. *Young*, 59 F.3d at 1168. Nor does any order of the district court say what Appellees now assert — that the court received the email and "properly ignored" it. Resp. 2; *see also* Resp. 7.

The docket contains no order striking the email, returning it, or addressing it at all. In that respect Appellees' own authorities undercut them: in each of the district-court decisions they cite, the court confronted improper correspondence on the record — warning the litigant that "any further letter will be stricken," directing that correspondence "will be stricken from the case file, and will be returned to the

sending party," or cautioning that improper email communications "will not be considered" and may draw sanctions. Resp. 2–3 (quoting *English*, *Jackson*, and *Koralewski*). When a district court's treatment of correspondence appears on the record, a reviewing court can see and evaluate it.

Here, the only trace is a finding that no attempt occurred. Counsel's after-the-fact explanation of what the district court silently did, and why, is argument — not record. Supplementation is the mechanism that permits this Court to review the finding on the actual facts. And those three decisions are district-court orders about managing correspondence; none concerns the contents of a record on appeal, Rule 10, or this Court's inherent authority.

Finally, to the extent Appellees suggest that the rule violation itself resolves the interests-of-justice inquiry, Resp. 4, the inquiry is about this Court's ability to make an informed decision on the pending issues, *Young*, 59 F.3d at 1168 — not about rewarding or penalizing litigation conduct. The panel remains free to give the email exactly the weight Local Rule 3.01(l) warrants. **It should do so having read it**. In all events, the Rule 3.01(l) objection reaches only the alternative, Rule 10-based ground; the motion's primary ground is this Court's inherent authority,

which extends to material regardless of whether it was properly before the district court.

## III. The Motion's Primary Ground Is This Court's Inherent Authority, Which Reaches Material Never Before The District Court — And The Response Does Not Engage It.

The response's Rule 10 arguments attack the motion's alternative ground while leaving its primary ground unanswered. This Court "rarely enlarge[s] the record on appeal to include material not before the district court," but it holds "the inherent equitable power to allow supplementation of the appellate record if it is in the interests of justice" — a power that exists precisely for material that was not part of the district-court record. *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000). Appellees' repeated observation that the email "was never part of the materials considered by the District Court," Resp. 6, therefore does not answer the motion; it restates the premise for it.

For the same reason, the rule that "Rule 10(e) should not be used to allow the introduction of new evidence in the appellate court," Resp. 5, addresses only the alternative ground — which the motion invoked expressly and only "to the

extent the email is regarded as having been before the district court." Mot. at 4–5. *CSX* itself disposes of Appellees' core theme. There, the appellee objected to supplementation on the ground that the movant had known of the proffered material before judgment "and could have introduced it into the record" in the district court. 235 F.3d at 1330. This Court granted the motion notwithstanding that objection — on a motion made in this Court after the appeal was taken — because the material was pivotal to a premise of the decision under review. Id.

Appellees' argument that Appellant should have placed the email in the record by other, proper means is the same objection, and it fares no better here. Nor is "beyond any doubt" the governing threshold. *CSX* describes that consideration, drawn from *Dickerson*, as "[a] primary factor" — one among several. 235 F.3d at 1330. *Young* holds that the factors "are only guidelines for exercising our discretion," and that "[e]ven when the added material will not conclusively resolve an issue on appeal, we may allow supplementation in the aid of making an informed decision." 59 F.3d at 1168. In any event, on the points the finding under review addresses — whether anything was attempted before November 3, what was transmitted, when, to whom, and requesting what — the email is conclusive: those facts appear on its face. Its ultimate significance is for the merits.

The "exceptional circumstances" formulation Appellees quote, Resp. 1, does not alter the analysis. In *Vital Pharmaceuticals* itself, this Court granted the motion to supplement the record: although a court "generally do[es] not consider evidence that the parties did not submit in the district court," supplementation was appropriate because the material contained facts that "illuminate" the jurisdictional question then pending. *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1288 (11th Cir. 2022) (quoting *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1170–71 (11th Cir. 2006)). Indeed, both of the decisions Appellees cite for the governing standard granted supplementation — *Vital Pharmaceuticals* of evidence never submitted in the district court, 23 F.4th at 1288; and *CSX* over the objection that the movant could have introduced the material below, 235 F.3d at 1330.

The email here does more than "illuminate" a pending issue: the order under review rests on a finding the email directly addresses; the document is absent from the record only because it was never docketed; both parties have possessed it since the day it was sent; and Appellees themselves now argue its contents to this Court. If those are not exceptional circumstances, the formulation would have no application at all.

## IV. Rule 10(e)(1) Did Not Require A District-Court Detour.

Rule 10(e)(1) applies "[i]f any difference arises about whether the record truly discloses what occurred in the district court." Fed. R. App. P. 10(e)(1). No such difference exists. Appellees do not dispute what occurred: on October 31, 2025, Appellant sent the email to chambers, copied counsel for Appellees, and attached his proposed amended complaint.

The disagreement is over the event's legal significance, which is the merits of the appeal, not a "difference" about what the record "truly discloses." Rule 10(e)(2)(C) in any event authorizes correction "by the court of appeals" directly, Fed. R. App. P. 10(e)(2)(C), and this Court exercises its inherent supplementation authority in the first instance: *CSX* decided such a motion made in this Court after the appeal was taken, 235 F.3d at 1330, and *Young* decided the motion carried with the case, 59 F.3d at 1168. A movant invoking this Court's inherent equitable authority is not required first to ask the district court to settle a dispute that does not exist.

## CONCLUSION

The response disputes no fact about the October 31 email, identifies no prejudice, and argues what the email purportedly demonstrates while opposing its

inclusion in the record. The motion should be **GRANTED**, and the record on appeal **SUPPLEMENTED** with Exhibit A and the accompanying declaration.

Respectfully Submitted

/s/*Daniel A. Frishberg*

Daniel Frishberg, *Pro Se*

July 13, 2026,

Santa Clara County, California

## Certificate Of Compliance

This motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 1966 words. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, 14-point serif typeface (Times New Roman) using Google Docs.

*/s/Daniel A. Frishberg*

Daniel A. Frishberg, *Pro Se*

Dated: July 13, 2026